KAEMPFER CROWELL
Louis M. Bubala III, No. 8974
Ellsie E. Lucero, No. 15272
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone:  (702) 792-7000
Facsimile:  (702) 796-7181
Email: lbubala@kcnvlaw.com
Email: elucero@kcnvlaw.com

ARENTFOX SCHIFF LLP
Ross Q. Panko *(pro hac vice forthcoming)*
Morgan R. Pankow *(pro hac vice forthcoming)*
1717 K Street, NW
Washington, DC 20006
Telephone:  (202) 857-6000
Facsimile:  (202) 857-6395
Email: ross.panko@afslaw.com
Email: morgan.pankow@afslaw.com

Attorneys for Plaintiff
Global Protection Corp.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GLOBAL PROTECTION CORP., | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| THAI NIPPON RUBBER INDUSTRY; and TNR USA INC., | |
| Defendants. | |

Plaintiff Global Protection Corporation ("Global Protection" or "Plaintiff"), through undersigned counsel, hereby files this Complaint against Defendant Thai Nippon Rubber Industry ("Thai Nippon") and Defendant TNR USA Inc. ("TNR") (collectively "Defendants"), and alleges as follows:

KAEMPFER
CROWELL

## NATURE OF ACTION

1.      This is an action for willful federal trademark infringement and unfair competition involving claims arising under the Trademark Act of the United States, commonly known as the Lanham Act 15 U.S.C. §§ 1051 *et seq.*, and related claims under the laws of the State of Nevada and common law.  Global Protection owns exclusive rights in trademarks comprised of or containing the terms "ONE" and "CUSTOM" for condoms and personal lubricants.  Defendants are using and have registered infringing marks that prominently feature the terms "ONE" and "CUSTOM" ("Infringing Marks") in connection with the identical goods sold by Global Protection, namely, condoms and personal lubricants.   This use and registration is likely to cause confusion, constitutes trademark infringement and unfair competition, and is harming consumers and Global Protection.   Global Protection has notified Defendants of Global Protection's rights and of Defendants' infringement, and demanded that they stop using the infringing marks.  However, Defendants continue the infringement in willful disregard of Global Protection's rights and the law.

## PARTIES

2.      Global Protection is a corporation organized and existing under the laws of Massachusetts, with its principal place of business located at 12 Channel Street, Boston, Massachusetts 02210.

3.      Upon information and belief, Defendant Thai Nippon Rubber Industry ("Thai Nippon") is a corporation organized and existing under the laws of Thailand, with its principal place of business located at 789/139 Moo 1, Nongkham, Sriracha, Chonburi, Thailand 20110.

KAEMPFER
CROWELL

4.     Upon information and belief, Defendant TNR USA Inc. ("TNR") is a corporation organized and existing under the laws of Nevada, with its principal place of business located at 304 Jones Boulevard, #6780, Las Vegas, Nevada 89107.

**JURISDICTION AND VENUE**

5.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121, and has subject matter jurisdiction over the state law and common law claims under 28 U.S.C. §§ 1338(b) and 1367 because such claims are joined with and related to claims under the Trademark Laws of the United States.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

6.     This Court has general personal jurisdiction over Defendant TNR because TNR is registered as a business in the State of Nevada has a principal place of business in Las Vegas, Nevada.  In addition, this Court has specific personal jurisdiction over both Thai Nippon and TNR due to the nature and quality of their actions toward the state of Nevada.  For example, discovery in Cancellation No. 92083582 at the U.S. Trademark Trial and Appeal Board revealed that Thai Nippon has distributed substantial quantities of condoms bearing the infringing marks to TNR, and TNR has received such shipments, in Las Vegas, Nevada.  In addition, upon information and belief, Defendants have advertised and sold products bearing the infringing marks to consumers in this District.

7.     Venue is proper within this District pursuant to 28 U.S.C. § 1391 because Defendant TNR resides in and has a principal place of business in this District, and is proper as to both Defendants because a substantial part of the events

1   or omissions giving rise to the claims occurred in this District.  Additionally, venue

2   is proper in this District for Defendant Thai Nippon, a Thai entity, because a

3   defendant not a resident in the United States may be sued in any judicial district

4   under 28 U.S.C. § 1391(c)(3).

5          8.     Venue is proper within the unofficial southern division of this

6   District pursuant to LR IA 1-6 because Defendant TNR resides in and has a principal

7   place of business in Clark County, Nevada.

8                                        **FACTS**

9   **A.     Global Protection and Its Rights in the ONE and CUSTOM Marks.**

10         9.     For more than 35 years, Global Protection has been a leading

11  developer, manufacturer, and distributor in the field of condoms, personal lubricants,

12  and sexual health.

13         10.    As detailed below, Global Protection is the owner of all rights,

14  title, and interest in and to trademarks containing or comprised of the words "ONE"

15  (the "ONE Marks") and "CUSTOM" (the "CUSTOM Marks") in connection with

16  condoms, personal lubricants, and related goods and services.   Collectively, Global

17  Protection's ONE Marks and its CUSTOM Marks are referred to herein as the

18  "Global Protection Marks."

19         **1.     Global Protection's ONE Trademarks**

20         11.    Global Protection's exclusive rights in its ONE Marks have been

21  recognized by the United States Patent and Trademark Office ("PTO"), which has

22  issued to Global Protection the following trademark registrations:

23

24

| Trademark | Reg. No. | Reg. Date | Goods/Services | First Use |
|---|---|---|---|---|
| ONE | 3055315 | 01/31/2006 | Condoms | 02/11/2004 |
| ONE | 3055316 | 01/31/2006 | Personal Lubricants | 04/21/2005 |
| TOGETHER WE ARE ONE | 4852387 | 11/10/2015 | Condoms | 02/27/2015 |
| TOGETHER WE ARE ONE | 4989320 | 06/28/2016 | Personal Lubricants | 03/16/2016 |
| MY ONE | 5408098 | 02/20/2018 | Condoms | 08/07/2017 |
| ONE ULTRA FEEL | 5729308 | 04/16/2019 | Condoms | 08/10/2018 |

12.     Global Protection's Registration Nos. 3055315 and 3055316 for the mark "ONE," and Registration Nos. 4852387 and 4989320 for the mark "TOGETHER WE ARE ONE" are valid, subsisting, and incontestable. These registrations therefore provide conclusive evidence of Global Protection's ownership of those marks, of the validity of those marks, and of Global Protection's exclusive right to use those marks in commerce.

13.     Global Protection's Registration Nos. 5408098 (MY ONE) and 5729308 (ONE ULTRA FEEL) are valid and subsisting, and therefore provide *prima facie* evidence of Global Protection's ownership of those marks, of the validity of those marks, and of Global Protection's exclusive right to use those marks in commerce. Copies of Global Protection's U.S. trademark registrations for the ONE Marks are attached at **Exhibit 1**.

14.     Global Protection also holds longstanding common law rights in the ONE Marks throughout the United States, having used the marks in interstate commerce for approximately 20 years.

15.     Global Protection has priority in the ONE Marks over Defendants by virtue of its prior federal trademark registrations, and its use of the

mark ONE for condoms at least as early as February 2004, and for personal lubricants at least as early as April 2005.

16.     Global Protection has extensively used, advertised, and promoted in interstate commerce the ONE Marks in connection with condoms and personal lubricants.  Examples of Global Protection's advertising and use of the ONE Marks are attached at **Exhibit 2**.  Global Protection's ONE products are available for purchase via Global Protection's website ([www.globalprotection.com](www.globalprotection.com)) and from major retailers like CVS, Walmart, Walgreens, and Costco.

17.     Global Protection uses its ONE and MYONE trademarks with a wide array of product offerings, including without limitation ONE Flex, ONE Tattoo Touch, ONE Ultra Feel, ONE Glowing Pleasures, ONE Super Sensitive, ONE Vanish, ONE Legend, and many others.  *See id.*

18.     As a result of Global Protection's extensive use, advertising, and promotion, the ONE Marks have become well-known as distinctive indicators of the origin of Global Protection's goods, and the marks have become extremely valuable symbols of Global Protection's goodwill.

### 2.     Global Protection's CUSTOM Trademarks.

19.     Global Protection's rights in its CUSTOM Marks have likewise been recognized by the PTO, which has issued to Global Protection the following trademark registrations:

| Trademark | Reg. No. | Reg. Date | Goods/Services | First Use |
|---|---|---|---|---|
| CUSTOM CONDOMS | 2189140 | 09/15/1998 | Condoms | 09/01/1988 |
| MY CUSTOM FIT CONDOMS | 6148448 | 09/08/2020 | Condoms | 06/29/2020 |

KAEMPFER
CROWELL

| Trademark | Reg. No. | Reg. Date | Goods/Services | First Use |
|-----------|----------|-----------|----------------|-----------|
| CUSTOM FIT | 7215963 | 11/14/2023 | Condoms | 09/03/2019 |

20.    Global Protection's Registration No. 2189140 for the mark "CUSTOM CONDOMS" is valid, subsisting, and incontestable.  This registration therefore provides conclusive evidence of Global Protection's ownership of the mark, of the validity of the mark, and of Global Protection's exclusive right to use this mark in commerce.

21.    Global Protection's Registration No. 6148448 for the mark "MY CUSTOM FIT CONDOMS" and Registration No. 7215963 for the mark "CUSTOM FIT," are valid and subsisting, and therefore provide *prima facie* evidence of Global Protection's ownership of the marks, of the validity of the marks, and of Global Protection's exclusive right to use the marks in commerce.  Copies of Global Protection's U.S. trademark registrations for the CUSTOM Marks are attached at **Exhibit 3**.

22.    Global Protection also holds longstanding common law rights in the CUSTOM Marks throughout the United States, having first used the mark CUSTOM CONDOMS in interstate commerce in 1988.

23.    Global Protection has priority in the CUSTOM Marks over Defendants by virtue of its prior federal trademark registrations, and its use of the mark CUSTOM CONDOMS for condoms as early as 1988.

24.    Global Protection has extensively used, advertised, and promoted in interstate commerce the CUSTOM Marks in connection with condoms.  Examples of Global Protection's advertising and use of the CUSTOM Marks are attached at **Exhibit 2**.  Products bearing Global Protection's CUSTOM FIT and MY

KAEMPFER
CROWELL

1   CUSTOM FIT marks are available for purchase via Global Protection's website

2   (www.globalprotection.com) and/or from major retailers like CVS.  *Id.*   Products

3   bearing Global Protection's CUSTOM CONDOMS mark are available for purchase

4   via   Global   Protection's   websites   www.globalprotection.com   and

5   www.customcondoms.com.  *Id.*

6           25.    As a result of Global Protection's extensive use, advertising, and

7   promotion, the CUSTOM Marks have become well-known as distinctive indicators

8   of the origin of Global Protection's goods, and the marks have become extremely

9   valuable symbols of Global Protection's goodwill.

10          **B.      Defendants' Infringing and Unlawful Conduct.**

11          26.    Without   authorization   from   Global   Protection,   and

12   notwithstanding Global Protection's prior use of and rights in the ONE and

13   CUSTOM Marks, Defendants have used and registered infringing imitations of

14   Global Protection's ONE and CUSTOM Marks to advertise, promote, and sell

15   condoms and personal lubricants in interstate commerce.

16          27.    With regard to infringement of Global Protection's ONE Marks,

17   Defendants are using without authorization the trademarks ONETOUCH (word

18   mark) and the logo  , and variations thereof, in connection with condoms

19   and personal lubricants.

20          28.    Defendant Thai Nippon has shipped and, upon information and

21   belief, is continuing to ship to Defendant TNR in Las Vegas, Nevada substantial

22   quantities of condoms and lubricants bearing the ONETOUCH word mark and the

23   logo , and the products are then advertised and sold to consumers in the

24   United States, including consumers in this District.   Defendant Thai Nippon's

1    shipments of these products to Defendant TNR in Nevada constitute infringing use

2    of the subject marks in United States commerce.  *See* **Exhibit 4** for confidential,

3    filed-under-seal documents showing examples of shipments of ONETOUCH

4    products from Defendant Thai Nippon to Defendant TNR.

5            29.    Defendants' ONETOUCH condoms and lubricants are

6    advertised and sold in the United States and in this District through, *inter alia*,

7    Defendants' website at https://www.tnrcondom.com/en/our-brand/onetouch, their

8    Facebook        pages        at        https://www.facebook.com/tnrcondom/        and

9    https://www.facebook.com/onlinesaleonetouch/, and through other channels.  *See*

10   **Exhibit 5**.    Indeed, during discovery in TTAB Cancellation No. 92083582

11   (discussed below), Defendant Thai Nippon acknowledged *inter alia* that it "has

12   offered or sold condoms in the United States under the subject mark."  *See* **Exhibit**

13   **6** (Thai Nippon's Response to Interrogatory No. 6; *see also id.* at Response to

14   Interrogatory No. 17 (with regard to U.S. trade channels "Registrant offers its

15   products through its website and Facebook page")).

16           30.    Furthermore, without authorization from Global Protection, on

17   August 16, 2020, Defendant Thai Nippon filed U.S. trademark application Serial

18   No. 97259090 for the mark ONETOUCH.  On September 26, 2023, the United States

19   Patent and Trademark Office issued to Defendant Thai Nippon U.S. Trademark

20   Registration No. 7177648 for the ONETOUCH mark in connection with "Condoms."

21   *See* **Exhibit 7**.

22           31.    On October 27, 2023, Global Protection timely filed with the

23   United States Trademark Trial and Appeal Board ("TTAB") a petition for

24   cancellation of Defendant's registration for the ONETOUCH mark based on priority and

KAEMPFER

CROWELL

likelihood of confusion (Cancellation No. 92083582).  This cancellation proceeding remains pending but will be suspended by the TTAB pending the disposition of this civil action.

32.     With regard to infringement of Global Protection's CUSTOM Marks, Defendants are using without authorization the word marks CUSTOM and LOVE YOUR CUSTOM and the logos **CUSTOM** , **LOVE YOUR CUSTOM** and variations thereof, in connection with condoms and personal lubricants.

33.     Upon information and belief, Defendant Thai Nippon has shipped and is shipping products bearing the infringing CUSTOM marks to Defendant TNR in Nevada, and the products are then advertised and sold to consumers in the United States, including consumers in this District.  Defendant Thai Nippon's shipments of these products to Defendant TNR in Nevada constitute infringing use of the subject marks in United States commerce.

34.     Defendants' products are advertised and offered for sale in the United States, and to consumers in this District, under the foregoing infringing trademarks through *inter alia* the website www.loveyourcustom.com, and via third party retailers such as Walmart and Amazon.   *See* **Exhibit 8.**

35.     Attached at **Exhibit 9** are photographs of examples of Defendants' infringing CUSTOM products that were purchased by and shipped to a consumer in Las Vegas, Nevada.  *See* **Exhibit 9** (photographs and accompanying receipts).  The back panel of each of the infringing CUSTOM products identifies the manufacturer as Defendant Thai Nippon and the importer as Defendant TNR USA. *Id.*

36.     In addition, without authorization from Global Protection, on March 28, 2022, Defendant Thai Nippon filed U.S. trademark application SerialNo. 97333330 for mark **CUST☺M**. On August 15, 2023, the PTO issued to Defendant Thai Nippon U.S. Trademark Registration No. 7140873 for the mark in connection with "Condoms."

37.     On October 27, 2023, Global Protection timely filed with the TTAB a petition for cancellation of Defendant's registration for the **CUST☺M** mark based on priority and likelihood of confusion (Cancellation No. 92083543).

38.     Defendant Thai Nippon did not answer Global Protection's petition for cancellation and thus, on January 30, 2024, the TTAB issued an order cancelling Thai Nippon's U.S. Trademark Registration No. 7140873 for the mark **CUST☺M**.

39.     However, Defendants continue to use the word marks CUSTOM and LOVE YOUR CUSTOM, and the logos **CUST☺M**, **CUST☺M** and variations thereof, in U.S. commerce in connection with the advertising and sale of condoms and personal lubricants.

40.     Collectively, Defendant's marks containing or comprised of the terms "ONE" and/or "CUSTOM" are referred to herein as the "Infringing Marks."

41.     Global Protection previously objected to Defendants' unauthorized use of the Infringing Marks in the manner described herein. Global Protection put Defendants on notice of its rights in the Global Protection Marks, and demanded that Defendants cease their unlawful activities. However, despite Defendants' knowledge of Global Protection's objection and its rights in the Global Protection Marks, Defendants continue to use the Infringing Marks, without

KAEMPFER
CROWELL

authorization from Global Protection, to advertise, promote, and sell their goods, and Defendant. Thai Nippon has not abandoned its U.S. trademark registration for the logo ONETOUCH CONDOM .

42.     Defendants are using the Infringing Marks to advertise, promote, and sell their goods with an intent to trade on the goodwill and reputation associated with the Global Protection Marks.

43.     Defendants' use of the Infringing Marks to advertise, promote, and sell their goods constitutes willful and deliberate infringement of the Global Protection Marks.

44.     Defendants' unauthorized use of the Infringing Marks to advertise, promote, and sell their goods is likely to confuse consumers into mistakenly believing that Global Protection has licensed or otherwise authorized Defendants to use and register the Infringing Marks, when such is not the case.

**FIRST CAUSE OF ACTION**

**(Federal Trademark Infringement in Violation of the Lanham Act – 15 U.S.C. § 1114)**

45.     The foregoing paragraphs of this Complaint are incorporated by reference as a part of this count.

46.     The acts of Defendants complained of herein relating to use in commerce of the Infringing Marks or variations thereof are likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and are likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Global Protection, or that Defendants are in some way affiliated with or sponsored by Global Protection. Defendants'

conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

47.     Defendants have committed the foregoing acts of infringement with full knowledge of Global Protection's prior rights in the Global Protection Marks and with the willful intent to cause confusion and trade on Global Protection's goodwill.  Defendants continue to use the Infringing Marks despite being notified of Global Protection's objection to such use and registration of the Infringing Marks.

48.     Defendants' conduct is causing immediate and irreparable harm and injury to Global Protection, and will continue to damage Global Protection and confuse the public unless enjoined by this court.  Global Protection has no adequate remedy at law.

**SECOND CAUSE OF ACTION**

**(Unfair Competition and False Designation in Violation of the Lanham Act – 15 U.S.C. §§ 1125(a))**

49.     The foregoing paragraphs of this Complaint are incorporated by reference as a part of this count.

50.     Defendants' unauthorized use in commerce of the Infringing Marks constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a).

51.     Defendants' use in commerce of the Infringing Marks, in connection with their marketing, distribution, promotion and sale to the consuming public, constitutes a misappropriate on of the distinguishing and identifying features which Global Protection created through substantial effort and expense, thus causing

consumers and others to immediately associate the Infringing Marks with Global Protection's CUSTOM and ONE Marks and the goodwill associated with them.

52.    Defendants' use of the Infringing Marks constitutes false representations that Defendants have some connection or association with, or sponsorship by Global Protection, and that the products identified with Global Protection are available from Defendants.

53.    Said actions of Defendants constitute violations of 15 U.S.C. §1125(a) in that such false designation and representations of origin and quality are used on or in connection with the products that Defendants cause to enter into, or to affect commerce.

54.    Defendants have used and are continuing to use the Infringing Marks with full knowledge of Global Protection's trademark rights in the CUSTOM and ONE Marks, and after Global Protection's objection to their continued use and registration of the Infringing Marks. Upon information and belief, said actions by Defendants are with an intent and purpose to trade upon the goodwill of Global Protection, and are thus willful and deliberate.

55.    Defendants' conduct is causing immediate and irreparable harm and injury to Global Protection and will continue to damage Global Protection and confuse the public unless enjoined by this Court.

### THIRD CAUSE OF ACTION

### (Unfair Trade Practices in Violation of Nevada Deceptive Trade Practices Act (NRS 598 *et seq.*)

56.    The foregoing paragraphs of this Complaint are incorporated by reference as a part of this count.

KAEMPFER
CROWELL

57.     The Nevada Deceptive Trade Practices Act (the "NDTPA") provides, in relevant part, that "[a] person engages in a 'deceptive trade practice' when in the course of his or her business or occupation he or she knowingly . . . (c) [v]iolates a state or federal statute or regulation relating to the sale or lease of goods or services."  Nev. Stat. § 598.0923(1)(a).

58.     Defendants' use of the Infringing Marks and/or variations thereof is being committed with the intent to trade off Global Protection's goodwill without the sponsorship, affiliation, or approval of Global Protection. Such use has continued in bad faith despite Global Protection's objections to such use.

59.     Defendants' unauthorized use of the Infringing Marks violates §§ 1114 and 1125(a) of the Lanham Act, and thus derivatively, the NDTPA.

60.     Unless restrained by this Court, Thai Nippon's and TNR's actions will cause irreparable injury to Global Protection.

61.     Defendants' conduct is causing immediate and irreparable harm and injury to Global Protection and will continue to damage Global Protection and confuse the public unless enjoined by this court.  Global Protection has no adequate remedy at law.

### FOURTH CAUSE OF ACTION

### (Unfair Competition Under Nevada Common Law)

62.     The foregoing paragraphs of this Complaint are incorporated by reference as a part of this count.

63.     By engaging in the foregoing acts, Defendants have knowingly competed unfairly with Global Protection in violation of the common law of unfair competition in the state of Nevada.

KAEMPFER
CROWELL

3714433_1 21485.1

64. Defendants' conduct as alleged herein constitutes misappropriation of the valuable property rights of Global Protection and trading on the goodwill symbolized by the Global Protection Marks, and is thereby likely to confuse and deceive members of the purchasing public as to the source of Defendants' products as a result of their use of the Infringing Marks and variations thereof. But virtue of Defendants' conduct, Defendants have engaged in unfair competition in violation of the common law of the state of Nevada.

65. Defendants' conduct also constitutes intentional, willful, and reckless disregard of Global Protection's rights by Defendants and an attempt to trade on the goodwill which Global Protection has developed, all to the damage of Global Protection.

66. As a result of Defendants' conduct, Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Global Protection. Global Protection has no adequate remedy at law.

## FIFTH CAUSE OF ACTION

### (Trademark Infringement Under Nevada Common Law)

67. The foregoing paragraphs of this Complaint are incorporated by reference as a part of this count.

68. Defendants have violated and infringed Global Protection's common law trademark rights in the Global Protection Marks, and have engaged in unlawful, unfair, and fraudulent business practices in violation of the common law of Nevada. Defendants' conduct as alleged herein is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, whereby they would

1    be led to mistakenly believe that Defendants' infringing products are affiliated with,

2    related to, sponsored by, or connected with Global Protection, in violation of the

3    common law of the state of Nevada.

4          69.    As a result of Defendants' conduct, Defendants have caused and,

5    unless retrained and enjoined by this Court, will continue to cause irreparable harm,

6    damage, and injury to Global Protection.  Global Protection has no adequate remedy

7    at law.

8                          **SIXTH CAUSE OF ACTION**

9                   **(Cancellation of Trademark Registration)**

10         70.    The foregoing paragraphs of this Complaint are incorporated by

11   reference as a part of this count.

12         71.    As a separate cause of action and ground for relief, Global

13   Protection alleges that Defendant Thai Nippon's U.S. Trademark Registration No.

14   7177648 for the mark  should be cancelled based on priority and likelihood

15   of confusion pursuant to Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d).

16         72.    Global Protection owns priority of trademark rights over

17   Defendant Thai Nippon based its prior use and registration of the ONE Marks.

18         73.    Without authorization from Global Protection, on August 16,

19   2020, Defendant Thai Nippon filed U.S. trademark application Serial No. 97259090

20   for the mark  .  On September 26, 2023, the United States Patent and

21   Trademark Office issued to Defendant Thai Nippon U.S. Trademark Registration

22   No. 7177648 for the  mark in connection with "Condoms."  *See* **Exhibit**

23   **5**.

24

74. Defendant Thai Nippon's  mark depicted in U.S. Trademark Registration No. 7177648 presents a likelihood of confusion with Global Protection's ONE Marks mark because the marks are closely similar in sight, sound, and meaning. In addition, the likelihood of confusion is enhanced by the similarities in the parties' goods, channels of trade, customers, and other factors.

75. Global Protection has no adequate remedy at law, and is being irreparably damaged by the aforesaid registration. Accordingly, the registration should be cancelled pursuant to 15 U.S.C. § 1119.

## DEMAND FOR JURY TRIAL

Global Protection respectfully requests trial by jury for all issues so triable.

## PRAYER

WHEREFORE, Global Protection respectfully requests a judgment in its favor and for the Court to grant the following relief:

1. Pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125, and Nevada state law and the common law, that Defendants and each of their directors, officers, agents and employees, successors and assigns and all others in privity and acting in concert with them be permanently enjoined from:

a. using or authorizing others to use the Infringing Marks, the Global Protection Marks, or any other trademark or design similar to the Global Protection Marks in connection with the advertising, promotion or sale of Defendants' goods and/or services;

b. reproducing, displaying or otherwise using the Infringing Marks, the Global Protection Marks, or any other trademark or design similar to the Global Protection Marks;

c. engaging in any conduct that implies or suggests that Global Protection approves, endorses, licenses, sponsors, or is in any way affiliated with Defendants and/or their goods and services;

d. unfairly competing with Global Protection, diluting the distinctiveness of the Global Protection Marks, and otherwise injuring Plaintiff's business reputation in any manner;

e. engaging in any deceptive trade practices in the offering of goods under the Infringing Marks, the Global Protection Marks, or any other trademark or design similar to the Global Protection Marks;

f. otherwise infringing Plaintiff's trademarks;

2. Imposing a constructive trust on all sales of any goods that infringe Plaintiff's Global Protection Marks;

3. Pursuant to 15 U.S.C. § 1118, that Defendants be directed to deliver up for destruction or delete all signs, banners, brochures, packages, digital media, and all other materials displaying the Infringing Marks, the Global Protection Marks, or any other trademark or design similar to the Global Protection Marks;

4. Pursuant to 15 U.S.C. § 1117 and the common law, Defendants account and pay Global Protection damages in an amount sufficient to fairly compensate it for the injury it has sustained, plus all the profits which are attributable to Defendants' unlawful conduct, and further that the amount of the monetary award granted be trebled in view of the willful and deliberate nature of Defendants' unlawful conduct;

5. That Defendants be required to file with this Court and serve upon Global Protection within thirty (30) days after entry of the order of judgment a

report, in writing and under oath, setting forth the manner and form of Defendants' compliance with the Court's order;

6.      Pursuant to 15 U.S.C. § 1117 and the common law, Defendant be ordered to pay to Global Protection the costs of this action and Global Protection's reasonable attorneys' fees;

7.      Pursuant to 15 U.S.C. § 1119, the Court find that Defendant Thai Nippon's U.S. Trademark Registration No. 7177648 for the  mark should be cancelled based on priority and likelihood of confusion; and

8.      Global Protection be granted such other, further, different, or additional relief as this Court deems equitable and proper.

KAEMPFER CROWELL

Louis M. Bubala III, No. 8974
Ellsie E. Lucero, No. 15272
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

ARENTFOX SCHIFF LLP
Ross Q. Panko *(PHV forthcoming)*
Morgan R. Pankow *(PHV forthcoming)*
1717 K Street, NW
Washington, DC 20006

Attorneys for Plaintiff
Global Protection Corp.

# EXHIBIT INDEX

Exhibit 1:  Global Protection's U.S. Trademark Registrations for ONE Marks

Exhibit 2:  Examples of Global Protection's Advertising and Use of its ONE Marks and CUSTOM Marks

Exhibit 3:  Global Protection's U.S. Trademark Registrations for CUSTOM Marks

Exhibit 4:  CONFIDENTIAL INVOICES FILED UNDER SEAL: Examples of Shipments of ONETOUCH Products from Defendant Thai Nippon to Defendant TNR

Exhibit 5:  Examples of Defendants' Infringing Use of ONETOUCH Marks

Exhibit 6:  Redacted Version of Thai Nippon Rubber Industry's Responses to Interrogatories in *Case No. 92083582*

Exhibit 7:  Defendant Thai Nippon U.S. Trademark Registration No. 7177648 for the Mark ONETOUCH CONDOM & Design in Connection with "Condoms"

Exhibit 8:  Examples of Defendants' Infringing Use of CUSTOM Marks

Exhibit 9:  Photographs and Receipts of Sample Purchases of Defendants' Infringing CUSTOM Products

KAEMPFER
CROWELL

3714433_1  21485.1