UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GLOBAL PROTECTION CORP., <br><br> Plaintiff, <br><br> v. <br><br> THAI NIPPON RUBBER INDUSTRY; and TNR USA INC., <br><br> Defendants. | Case No. 2:24-cv-00871-JCM-EJY <br><br> **ORDER** |

Pending before the Court is Plaintiff's Motion for Leave to File Under Seal. ECF No. 3. The Motion is itself filed under seal. No redacted version of the Motion to Seal is filed on the publicly accessible docket in violation of LR IA 10-5(a).

Nevertheless, the Motion seeks to seal Exhibit 4 to Plaintiff's Complaint. ECF No. 3 at 3 referencing ECF No. 1, 1-4. Plaintiff asserts the exhibit consists of two invoices from Defendant Thai Nippon Rubber Industry ("Thai Nippon") to Defendant TNR USA Inc. containing business financial details that might harm Thai Nippon's business interests if filed unsealed. ECF No. 3 at 4. Plaintiff further contends that these invoices were designated confidential by Thai Nippon in a separate trademark action. *Id.* at 2-4.

As the party seeking to seal a judicial record, Defendant must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). However, where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force …." *Id*., 417 F.3d at 1179 (citation omitted). The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a

demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Specifically, regarding information touching on business agreements, proprietary information, and internal policies and procedures, a reviewing court may grant the motion to seal if there are compelling reasons sufficient to outweigh the public's interest in disclosure of the information. *Callahan v. PlusFour, Inc.*, Case No. 2:17-CV-2513 JCM (GWF), 2019 WL 302492, at *5 (D. Nev. Jan. 23, 2019), *citing Kamakana*, 447 F.3d at 1178-79.

The Court reviewed the Motion to for Leave to File Under Seal as well as the Exhibit sought to be sealed. The Court grants Plaintiff's Motion as the Exhibit contains proprietary business and financial information.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File Under Seal (ECF No. 3) is GRANTED.

IT IS FURTHER ORDERED that Exhibit 4 to Plaintiff's Complaint (ECF No. 3-1) is and shall remain sealed.

IT IS FURTHER ORDERED that no later than **May 16, 2024** Plaintiff must file a copy of its Motion for Leave to File Under Seal (ECF No. 3) redacted but unsealed on the publicly accessible docket.

Dated this 10th day of May, 2024.

ELAYNA J. YOUCHAH  
UNITED STATES MAGISTRATE JUDGE